UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No. 2:15-cr-00195-MHH-TFM-1 |
| V. | |
| | **ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| ENESTO LERNARD IVORY | |
| | (COMPASSIONATE RELEASE) |

## Memorandum Opinion and Order

Enesto Lernard Ivory has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on health concerns related to the COVID-19 pandemic. (Doc. 128). Mr. Ivory is serving a 123-month sentence for drug and gun crimes. (Doc. 86, pp. 1-2). The United States opposes Mr. Ivory's request for compassionate release. (Doc. 130).

Mr. Ivory is incarcerated at Yazoo City Low FCI in Yazoo City, Mississippi, with a projected release date of February 23, 2024. FEDERAL BUREAU OF PRISONS, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited May 2, 2022). Mr. Ivory is 46 years old; he was sentenced on February 25, 2016. (Doc. 86); FEDERAL BUREAU OF PRISONS, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited

May 2, 2022). In his motion for compassionate release, Mr. Ivory contends that he suffers from hypertension, chronic gout, "a hole in his heart that never completely closed up," obesity, borderline diabetes, and pericarditis, all of which increase the risk of serious illness if he were to contract COVID-19. (Doc. 128, p. 4).

Under 18 U.S.C. § 3582, as amended by the First Step Act, district courts generally cannot alter or modify a term of imprisonment, but a district court may reduce an inmate's term of imprisonment upon receipt of a motion for sentence modification from either the Bureau of Prisons or the prisoner after the prisoner exhausts his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). When a prisoner has exhausted his administrative remedies, a district court may modify the prisoner's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if the court finds that "extraordinary and compelling reasons warrant such a reduction" and finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The relevant United States Sentencing Commission policy statement contains application notes for Section 3582(c)(1)(A), setting forth a handful of enumerated "extraordinary and compelling reasons" warranting a reduction in sentence. U.S.S.G. § 1B1.13(1)(A) & cmt. 1. Those circumstances are: (A) a serious medical condition affecting the defendant; (B) the defendant's age; (C) certain family

circumstances; and (D) "Other Reasons." U.S.S.G. § 1B1.13 cmt. 1. The serious medical condition circumstance applies when an inmate is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A). Application Note 1(D)'s "Other Reasons" provision is a catchall that applies to reasons other than, or in combination with, those described in Application Notes (A) through (C), "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. 1(D).

The Eleventh Circuit Court of Appeals recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 "governs all motions under Section 3582(c)(1)(A)." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Accordingly, a district court "may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. The Court of Appeals stated that district courts should apply the catchall provision, Application Note 1(D), as written, such that the BOP, not the district court, determines "which reasons outside of those explicitly delineated by the Commission are extraordinary and compelling." *Bryant*, 996 F.3d at 1264–65. As a result, district courts in the Eleventh Circuit may not identify "'other reasons'"

under Application Note 1(D) that may "justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248.[1]

With these principles in mind, we turn to Mr. Ivory's motion. As noted, before a prisoner seeks relief from a district court, he first must exhaust his administrative remedies. (Doc. 177, pp. 3-5). In *United States v. Harris*, the Eleventh Circuit Court of Appeals held that the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule. 989 F.3d 908, 910-11 (11th Cir. 2021). "Claim-processing rules require that the parties take certain procedural steps at certain specified times," and the rules "may be mandatory in the sense that a court must enforce the rule if a party properly raises it. *Harris*, 989 F.3d at 911 (quoting *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019)) (internal quotation marks omitted). Mr. Ivory contends that the Court has "jurisdiction to hear this motion because more than 30 days have passed since prison personnel received [his] request" for compassionate release. (Doc. 128, p. 2).

---

[1] In *Bryant*, the Eleventh Circuit acknowledged that its holding regarding the catchall provision departed from the seven Circuit Courts of Appeals which, when the Eleventh Circuit issued *Bryant*, had concluded that the policy statement does not apply to prisoner-filed motions for compassionate release. *See Bryant*, 996 F.3d at 1252 (citing *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021); and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021)). Since *Bryant*, the D.C. Circuit Court of Appeals, the First Circuit Court of Appeals, and the Third Circuit Court of Appeals have joined the other seven circuits in finding that the policy statement does not apply to defendant-filed motions for compassionate release. *United States v. Long*, 997 F.3d 342 (D.C. Cir. 2021); *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022); *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021).

Though Mr. Ivory has exhausted his administrative remedies, he has not shown that he satisfies one of the grounds for relief under U.S.S.G. § 1B1.13. *See* 18 U.S.C. § 3582(c)(1)(A); *Bryant*, 996 F.3d at 1262. According to the Centers for Disease Control and Prevention, hypertension, heart conditions, obesity, and diabetes "place a person at higher risk of severe illness from COVID-19." CENTERS FOR DISEASE CONTROL AND PREVENTION, *COVID-19 Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 2, 2022). But the fact that Mr. Ivory's "medical conditions might put him at some increased risk of serious illness due to COVID-19 does not, by itself, mandate a finding of an extraordinary and compelling reason under section 1B1.13." *United States v. Morrow*, No. 21-10141, 2021 WL 3629822, at *2 (11th Cir. Aug. 17, 2021). Mr. Ivory has not demonstrated that his medical conditions "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility."[2]

---

[2] Mr. Ivory is vaccinated against COVID-19. (Doc. 132). Mr. Ivory has been seen by the prison medical staff and received medication to treat his medical conditions during the pandemic. (Doc. 128-1, pp. 34-36).

Mr. Ivory states that in 2018, he was taken to a hospital "because both [his] legs were swollen from the thigh down to the toes," and he "was unable to walk or stand." (Doc. 128, p. 4). But Mr. Ivory has not presented evidence that swelling has compromised his ability to walk since then, and he has not established on the record now before the Court that he currently is unable to provide self-care.

Additionally, Mr. Ivory is not old enough to qualify for compassionate release based on his age. And he has not identified a family circumstance that warrants early release. As noted, under *Bryant*, only the BOP can identify "other reasons" for compassionate release outside the enumerated reasons listed in the policy statement, and Mr. Ivory has not demonstrated that the BOP has indicated that the conditions at Yazoo City Low FCI during the COVID-19 pandemic provide a basis for compassionate release. *See* U.S.S.G. § 1B1.13 cmt. 1(D); *Bryant*, 996 F.3d at 1264–65.

Accordingly, the Court denies Mr. Ivory's request for compassionate release without prejudice.

**DONE** and **ORDERED** this May 5, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE